UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:22-CR-98 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| DAVID MOSELY ) | |

# **M E M O R A N D U M**

Before the Court is Defendant's motion to dismiss the Indictment against him (Doc. 1) for violating the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* (Doc. 65.) The United States of America (the "Government") has responded. (Doc. 66.) Defendant has not replied and the time to do so has passed. *See* E.D. Tenn L.R. 7.1(a). For the reasons below, the Court will **GRANT** Defendant's motion (Doc. 67) and dismiss the Indictment (Doc. 1) **WITHOUT PREJUDICE**.

**I.      BACKGROUND**

On August 23, 2022, Defendant was charged with one count of possessing a firearm and ammunition while knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 1.) Defendant appeared before the court for arraignment on September 14, 2022. (Doc. 9.) Defendant was detained following his arraignment. (Doc. 10.)

Defendant moved to continue the case deadlines and trial date on October 21 and December 8, 2022. (Docs. 16, 18.) The Court granted both motions. (Docs. 17, 21.) Also on December 8, 2022, Defendant moved for a psychiatric or psychological examination to determine whether he was competent to stand trial. (Doc. 19.) The Court granted that motion on December 14, 2022, and Defendant was ordered to undergo an examination. (Doc. 24.) After one extension of the time to complete the examination, a sealed report on the results of the examination was filed on

April 6, 2023. (Docs. 26, 27.) Defendant waived a hearing on his competency (Doc. 29), and on April 18, 2023, the Court issued an order finding him "competent to participate in all proceedings with respect to the Indictment" (Doc. 31). Defendant's trial was set for May 30, 2023. (Doc. 32.)

Defendant moved for a bond hearing on May 10, 2023. (Doc. 33.) The Magistrate Judge held a hearing on May 15, 2023, and ordered Defendant to continue to be detained. (Docs. 38, 40.) On June 20, 2023, Defendant's then-counsel moved to withdraw from the representation based on a loss of trust by Defendant in the attorney-client relationship. (Doc. 42.) The Magistrate Judge held a hearing on July 6, 2023, and relieved counsel from the representation, appointing current counsel in his place on July 10, 2023. (Docs. 47, 48.) During the pendency of the bond motion and representation motion, Defendant sought and received additional trial continuances through motions filed on May 11 and June 20, 2023. (Docs. 34, 39, 41, 44).

Defendant's new counsel filed motions to continue the trial on August 23, September 20, and October 18, 2023. (Docs. 49, 51, 53.) The Court granted each motion, resulting in a scheduled trial date of December 18, 2023, and a scheduled final pretrial conference date of November 29, 2023. (Docs. 50, 52, 54.)

On November 22, 2023, Defendant filed a notice of intent to plead guilty, and the Government filed a factual basis. (Docs. 55, 56.) The Court set a change-of-plea hearing for December 20, 2023, which was then continued to January 24, 2024. (Docs. 57, 58.)

On January 23, 2023, the day before the scheduled change-of-plea hearing, Defendant filed a motion to dismiss the Indictment on the grounds that the statute under which he was indicted, 18 U.S.C. § 922(g)(1), is unconstitutional as applied to him under *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022). (Doc. 59.) The Government responded in opposition on

2

Case 1:22-cr-00098-CLC-CHS   Document 68   Filed 01/17/25   Page 2 of 7   PageID #: 227

February 13, 2024.  (Doc. 61.)  The Court denied the motion on November 5, 2024, and set Defendant's trial for December 16, 2024.  (Doc. 62.)

On November 27, 2024, Defendant moved to continue his trial and motion deadlines.  (Doc. 63.)  The Court granted the motion, continuing the trial until February 3, 2025.  (Doc. 64.)  On December 12, 2024, Defendant filed the current motion to dismiss on speedy-trial grounds, along with a memorandum in support.  (Docs. 65, 66.)  The Government responded on December 30, 2024.  (Doc. 67.)  The motion is now ripe for review.

## II. DISCUSSION

Defendant argues the Indictment against him should be dismissed with prejudice for a violation of the Speedy Trial Act.[1]  (Doc. 66 at 2–4.)  The Government concedes that a Speedy Trial Act violation has likely occurred but argues the resulting dismissal should be without prejudice.  (Doc. 67 at 8–11.)

The Speedy Trial Act provides as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  If a Defendant is not brought to trial within seventy days, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

---

[1] Defendant also cites the Sixth Amendment to the Constitution in his motion.  (Doc. 65 at 1.)  However, his memorandum does not mention the Sixth Amendment or its application to Defendant's case.  Therefore, the Court will consider Defendant's argument solely under the Speedy Trial Act.  *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (internal citations and quotations omitted) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

3

Here, the Indictment against Defendant was returned on August 23, 2022. (Doc. 1.) However, he did not appear before a judicial officer until September 14, 2022. (Doc. 9.) Accordingly, the clock began to run on September 14, 2022, for the purposes of the Speedy Trial Act. The parties agree the Speedy Trial Act has been violated in Defendant's case. (Doc. 66 at 2–3 [Def.'s Mem.]; Doc. 67 at 1, 8 [Gov't's Resp.].)

Given the procedural history of this case and the parties' agreement, the Court finds that a violation of Defendant's rights under the Speedy Trial Act has occurred. The next question is whether the Indictment should be dismissed with or without prejudice.

In determining whether to dismiss the Indictment against Defendant with or without prejudice, the Court is instructed to consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

### A. Seriousness of the Offense

The first factor for the Court to consider is "the seriousness of the offense." *Id.* This factor is not a "mechanical test based upon the [Sentencing] Guidelines," but instead "demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice." *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994.)

Defendant argues the offense is non-violent and "therefore . . . is relatively non-serious when compared to the vast majority of possible criminal conduct." (Doc. 66 at 4.)

The Government argues the offense is serious. (Doc. 67 at 9–10.) It points out that, according to the Factual Basis it filed, "Defendant was driving a vehicle that . . . was reported to have been carjacked by an armed individual in Fannin County, Georgia," and "Defendant led Bradley County Sheriff's Deputies on a high-speed chase" before they stopped him with spike

4

strips. (*Id.* (citing Doc. 56 at 1.)) After the resulting wreck, Defendant was found to be carrying a pistol in the pocket of his pants. (*Id.* at 10 (citing Doc. 56 at 2.)) The Government further asserts that Defendant's previous felony convictions for drug-trafficking offenses are inherently dangerous. (*Id.* (citing Docs. 61-1 through 61-6.)) It argues that "Congress sought to divorce completely convicted felons from the use or possession of weapons and from the weapons trade." (*Id.* (quoting *United States v. Matthews*, 520 F.3d 806, 810 (7th Cir. 2008)).)

The Court concludes that Defendant is charged with a serious offense. The Court of Appeals for the Sixth Circuit has held that possession of a firearm by a felon is a serious offense. *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002). Additionally, the Court notes that possession of a firearm by a felon poses a serious risk to the community. This risk of harm illustrates the seriousness of the offense charged.

The Court finds Defendant's alleged offense is serious, which weighs toward dismissal without prejudice.

### B.    Facts and Circumstances of the Case

The second factor for the Court to consider is "the facts and circumstances of the case which led to the dismissal." 18 U.S.C. § 3162(a)(2). Because "the prosecutor and the court have 'an affirmative constitutional obligation' to try the defendant in a timely manner," "the burden is on the prosecution to explain the cause of the pre-trial delay." *United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997).

Defendant does not argue how this factor applies in his case. (*See* Doc. 66 at 3–4.)

The Government asserts, for its part, that "[t]he United States has done nothing to delay this case." (Doc. 67 at 10.) It argues the delay results primarily from Defendant's previous attempt to dismiss the case under *Bruen*, 597 U.S. 1, while the rest of the delay results from "Defendant's

5

continuance requests, his mental examination, the replacing of his attorney, and his stated intent to plead guilty." (*Id.*)

The Court agrees with the Government on this factor. There is no evidence or argument that the Government purposefully delayed prosecution of Defendant's case. Defendant, by contrast, filed multiple motions to continue and other motions that delayed the resolution of the case. The Court concludes the facts and circumstances of the case support a dismissal without prejudice.

C. **Impact of Reprosecution**

The final factor for the Court to consider is the "impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay . . . and whether the government engaged in 'prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000) (quoting *Pierce*, 17 F.3d at 149).

Defendant asserts that his charge is "relatively non-serious" and "non-violent in nature," and he "has been in custody through the prosecution of this case." (Doc. 66 at 4.) Therefore, he argues, "[r]eprosecution would only serve to punish the Defendant by potentially restricting his freedom again and increasing the length of time he remains confined." (*See id.*)

The Government asserts that "Defendant cannot point to any particularized prejudice to his defense resulting from the delay" and that the Government "is not at fault for the delays in this case." (Doc. 67 at 11.)

This factor also weighs in favor of the Government. Defendant has not identified any "particularized prejudice to his defense" that resulted from the delay in his trial. *See Howard*, 218

6

F.3d at 562. As discussed above, the Court cannot adopt Defendant's position that his offense is not serious. As to any additional detention during a reprosecution of Defendant's case, that is not a particularized prejudice, and any such detention and the detention connected with this prosecution could be taken into account in fashioning and calculating a sentence if Defendant were convicted on a second prosecution. Finally, there is no evidence of "bad faith or a pattern of negligence on the part of the government that would warrant dismissal with prejudice for the sake of deterrence." (*Id.*)

### III. CONCLUSION

Applying the Speedy Trial Act factors, the Court finds that each factor weighs in favor of the Government. First, Defendant's alleged conduct of possessing a firearm as a felon is a serious offense. Second, the facts and circumstances of this case show that the Government has not purposefully delayed the prosecution of this case. Finally, there is no evidence of prosecutorial misconduct or particularized prejudice such that Defendant has been prejudiced by the delay in his trial.

Therefore, the Court will **DISMISS** the Indictment as to Defendant (Doc. 1) **WITHOUT PREJUDICE** for violating the Speedy Trial Act.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**